UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>SUN CAB COMPANY, INC., d/b/a NELLIS CAB COMPANY,<br><br>    Defendant. | Case No. 2:03-CV-01230-KJD-RJJ<br><br>**ORDER** |

Presently before the Court is Plaintiff's Motion in Limine to Exclude Defendant's Statistical Expert (#49). Defendant filed a response in opposition (#52).

I. Background

Plaintiff Equal Employment Opportunity Commission ("EEOC") alleges that Defendant ("Nellis Cab") violated Title VII of the Civil Rights Act of 1964 ("Title VII") by failing to hire a class of similarly situated individuals because of their national origin, Ethiopian. In support of its claim the EEOC offered the report of its expert, Joseph Donovan, who concluded that cab drivers of Ethiopian national origin are under-represented at Nellis Cab to a statistically significant degree.

In response, Defendant has offered two opinions of Richard Singleton, Ph.D. In the first, Singleton concludes that Ethiopians are not proportionately distributed among the Las Vegas cab

companies. Singleton opines that Nellis is not a statistical exception since eight out of sixteen cab companies have a statistically significant deviation from what would be expected if Las Vegas cab drivers were randomly distributed amongst all companies. In the second opinion, Singleton concludes that during the final quarter of 2002, Nellis hired a larger percentage of Ethiopian applicants than non-Ethiopian applicants. Singleton bases his second opinion on the few months of applications preserved by Nellis. Singleton determined that Nellis hired one (1) of eight (8) Ethiopian applicants and thirteen (13) of 386 non-Ethiopian applicants.

On April 28, 2006, the EEOC filed the present motion seeking to exclude Defendant's expert, Dr. Singleton, from offering his opinions. The EEOC complains that Dr. Singleton's opinions are irrelevant and unreliable and should be excluded under Federal Rule of Evidence 401, 403, and 702 and in accordance with the Daubert evidence trilogy: Daubert v. Merrell-Dow Pharms., Inc., 509 U.S. 759 (1993), General Electric Co. v. Joiner, 522 U.S. 136 (1998), and Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999). Primarily, Plaintiff complains that Dr. Singleton's first opinion misstates what is at issue in this action and is not relevant to Nellis's hiring practices. Plaintiff also complains that Singleton's second opinion is based on too small a sample size and its probative value is outweighed by its ability to confuse or mislead the jury. Defendant Nellis responds by arguing that Plaintiff's complaints about Dr. Singleton's opinions go the weight, and not the sufficiency, of the evidence.

II.  Analysis

In a case in which the plaintiff has alleged that his employer has engaged in a "pattern or practice" of discrimination, "[s]tatistical data is relevant because it can be used to establish a general discriminatory pattern in an employer's hiring or promotion practices. Such a discriminatory pattern is probative of motive and can therefore create an inference of discriminatory intent with respect to the individual employment decision at issue." Obrey v. Johnson, 400 F.3d 691, 694 (9th Cir. 2005)(quoting Diaz v. Am. Tel. & Tel., 752 F.2d 1356, 1363 (9th Cir.1985)); see also McDonnell

Douglas v. Green, 411 U.S. 792, 805 n. 19,("The District Court may, for example, determine, after reasonable discovery that the (racial) composition of defendant's labor force is itself reflective of restrictive or exclusionary practices.") (internal quotation marks omitted); Coral Constr. Co. v. King County, 941 F.2d 910, 918 (9th Cir.1991) ("[F]or purposes of Title VII, '[w]here gross statistical disparities can be shown, they alone may in a proper case constitute prima facie proof of a pattern or practice of discrimination.' ") (quoting Hazelwood Sch. Dist. v. United States, 433 U.S. 299, 307-08 (1977)); Diaz, 752 F.2d at 1363 ("In some cases, statistical evidence alone may be sufficient to establish a *prima facie* case···· Even when not sufficient to establish a *prima facie* case, statistical evidence is helpful in showing that an employer's articulated reason for the employment decision is pretextual ····" (citations omitted)). Employers are entitled to an opportunity to rebut any inference of discrimination raised by a plaintiff's statistical showing. See Hazelwood, 433 U.S. at 309-10.

Daubert made clear that expert testimony should not be considered in a case unless the expert has genuine expertise and will assist the trier of fact in understanding or determining a fact in issue. See Adams v. Ameritech Servs., Inc., 231 F.3d 414, 423 (7th Cir. 2000)(citing Daubert, 509 U.S. at 592). In this case, Plaintiff is not disputing the expertise of Dr. Singleton. Therefore, in evaluating the admissibility of Dr. Singleton's testimony, the Court must consider "the twin requirements: of relevance and reliability." Id. The Court must exercise its gatekeeping function by examining the expert's qualifications (not in dispute), the methodologies used, and the relevance of the final results to the ultimate questions before the jury. Id.

A statistical study may fall short of proving a plaintiff's or defendant's case, but still remain relevant to the issues in dispute. Therefore, Singleton's opinion may be relevant, and therefore admissible, even if it is not sufficient to rebut entirely Plaintiff's *prima facie* case or establish, alone,

a legitimate non-discriminatory reason for its actions.  Thus, objections to an opinion's relevance generally go to "the weight, not the admissibility of the statistical evidence," and should be addressed by rebuttal, not exclusion. <u>Obrey</u>, 400 F.3d at 695(citing <u>Int'l Bhd. of Teamsters v. United States</u>, 431 U.S. 324, 340; <u>Mangold v. Cal. Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1476 (9th Cir. 1995)).  As the Supreme Court pointed out, "Statistics showing racial or ethnic imbalance are probative . . . because such imbalance is often a telltale sign of purposeful discrimination . . . Considerations such as small sample size may, of course, detract from the value of such evidence, and evidence showing that the figures for the general population might not accurately reflect the pool of qualified job applicants would also be relevant." <u>Teamsters</u>, 431 U.S. at 339-40 n. 20(citations omitted); <u>see also</u> <u>Bazemore v. Friday</u>, 478 U.S. 385, 400 (1986)(per curiam) ("Normally, failure to include variables will affect the analysis' probativeness, not its admissibility.") (Brennan, J., concurring in part).

In some cases, statistical evidence may suffer from serious methodological flaws and can be excluded, consistent with the trial court's "gatekeeping" power, under Rule 702.  See <u>Kumho</u>, 526 U.S. at 156-57; <u>Daubert</u>, 509 U.S. at 589-90.[1]  Factors which may bear on admissibility include: (1) whether the "scientific knowledge ⋯ can be (and has been) tested"; (2) whether "the theory or technique has been subjected to peer review and publication"; (3) "the known or potential rate of error"; and (4) "general acceptance." <u>Daubert</u>, 509 U.S. at 593-94.  The Rule 702 inquiry is a "flexible one" whose "overarching subject is the scientific validity and thus the evidentiary relevance

---

[1]Rule 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

and reliability of the principles that underlie a proposed submission." Id. at 594-95; see also Kumho Tire, 526 U.S. at 141 ("[T]he test of reliability is 'flexible,' and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case.").

Here, Dr. Singleton's opinion is based entirely on statistical disparities. As a general matter, so long as the evidence is relevant and the methods employed are sound, neither the usefulness nor the strength of statistical proof determines admissibility under Rule 702. See Obrey, 400 F.3d at 696 (citing Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 843 (9th Cir. 2001) ("Rather than disqualify the study because of 'incompleteness'. . ., the district court should examine the soundness of the methodology employed."). In sum, Singleton's first opinion is relevant for what it is purported to analyze: statistical significance of deviations from the "the norm" in all the cab companies. While the opinion, by itself, does not constitute direct evidence that Defendant was not acting without a discriminatory motive, it addresses the overall picture of the labor pool and the employment of Ethiopians amongst the cab companies. Therefore, it should be admitted for whatever probative value it has. See Adams v. Ameritech Servs., Inc., 231 F.3d 414, 425 (7th Cir. 2000)("No one piece of evidence has to prove every element of the [party's] case; it need only make the existence of any fact that is of consequence more or less probable."). Plaintiff's objections to the admission of Singleton's opinion go to weight and sufficiency rather than admissibility. Id. Therefore, Plaintiff's motion to exclude Dr. Singleton's first opinion is denied.

Plaintiff's objections to Singleton's second opinion based on the small sample size of Ethiopian applicants, must also be overruled. "Considerations such as small sample size may, of course, detract from the value of such evidence," but it is admissible if it is relevant. See Obrey, 400 F.3d at 695(quoting Teamsters, 431 U.S. at 339-40 n.20). In this case, the fact that Nellis Cab hired

one Ethiopian driver in a three-month period is relevant, especially to the overall picture of Nellis' hiring practices. Defendant has carried its burden in establishing that the proposed opinion is sound enough methodologically and is relevant so that a fact finder might take it into account. See <u>Adams</u>, 231 F.3d at 425. Furthermore, Plaintiff's motion to exclude the opinion under Federal Rule Of Evidence 403 is denied.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion in Limine to Exclude Defendant's Statistical Expert (#49) is **DENIED**.

DATED this 26th day of June 2006.

_____
Kent J. Dawson
United States District Judge