1
2
3
4
5
6
7
8
9
10
11
12
13
14

**UNITED STATES DISTRICT COURT**

15

**DISTRICT OF NEVADA**

16
17

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

18

         Plaintiff,

19

  v.

20

SUN CAB COMPANY, INC. d/b/a
NELLIS CAB COMPANY

21
22

         Defendant.

23

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.  CV S-03-1230 KJD
(GWF)

**CONSENT
DECREE; ORDER**

24

**I.**

25

**INTRODUCTION**

26

      Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or

27

"Commission") and Defendant Sun Cab, Inc. d/b/a Nellis Cab Company (hereafter,

28

"Nellis Cab") hereby stipulate and agree to entry of this Consent Decree to resolve

-1-

the Commission's complaint, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").  This Consent Decree resolves all issues raised by the EEOC in the present lawsuit with regard to Nellis Cab's recruiting, screening, interviewing, rejecting, selecting and/or hiring of individuals for taxi-driver positions.

## II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A.     The parties to this Consent Decree ("Decree") are EEOC and Nellis Cab.  The scope of this Decree includes Nellis Cab's operations in the Las Vegas Metropolitan Area in the State of Nevada.  This Decree shall be binding on and enforceable against Nellis Cab and its officers, directors, agents, successors and assigns.

B.     The parties have entered into this Decree for the following purposes:

1.     To provide appropriate relief to the Charging Party and claimants;

2.     To ensure that Nellis Cab's employment practices comply with federal law;

3.     To avoid expensive and protracted costs incident to this litigation; and

4.     To ensure equal employment opportunity in the recruiting, interviewing, screening, selecting, and hiring of individuals for the position of drivers with Nellis Cab.

C.     This Agreement shall not be construed as an admission that Nellis Cab has violated the law.

## III.

## RELEASE OF CLAIMS

A.     This Decree fully and completely resolves all issu es, claims and allegations by the EEOC against Nellis Cab that are raised in the Complaint filed in

1  this action in the United States District Court, District of Nevada on September 30,
2  2003, captioned <u>U.S. Equal Employment Opportunity Commission v. Sun Cab</u>
3  <u>Company, Inc. d/b/a Nellis Cab Company</u>, Case No. CV S-03-1230 KJD (GWF) (the
4  "Complaint") relating to defendant's hiring practices covering the time period from
5  January 1, 2002  to the entry of this Consent Decree.

6       B.    Nothing in this Decree shall be construed to preclude the Commission
7  from bringing suit to enforce this Decree in the event that any party hereto fails to
8  perform the promises and representations contained herein.

9       C.    Nothing in this Decree shall be construed to limit or reduce Nellis Cab's
10  obligation to comply fully with Title VII or any other federal employment statute.

11       D.    This Decree in no way affects the EEOC's right to bring, process,
12  investigate or litigate other charges that may be in existence or may later arise
13  against Nellis Cab in accordance with standard EEOC procedures.

14  **IV.**
15  **<u>JURISDICTION</u>**

16       A.    The Court has jurisdiction over the parties and the subject matter of
17  this lawsuit.  The Complaint asserts claims that, if proven, would authorize the
18  Court to grant the equitable relief set forth in this Decree.  The terms and
19  provisions of this Decree are fair, reasonable and just.  This Decree conforms
20  with the Federal Rules of Civil Procedure and Title VII and is not in derogation
21  of the rights or privileges of any person.

22       B.    The Court shall retain jurisdiction of this action during the duration
23  of the Decree for the purposes of entering all orders, judgments and decrees that
24  may be necessary to implement the relief provided herein.

25  **V.**
26  **<u>EFFECTIVE DATE AND DURATION OF DECREE</u>**

27       A.    The provisions and agreements contained herein are effective
28  immediately upon the date which this Decree is entered by the Court ("the Effective

1  Date").

2    B. The duration of this Consent Decree shall be three (3) years from the
3  date of entry by the Court.  This Court shall retain jurisdiction of this action during
4  the period of this Consent Decree.

5  **VI.**

6  **MODIFICATION AND SEVERABILITY**

7    A. This Decree constitutes the complete understanding of the parties with
8  respect to the matters contained herein.  No waiver, modification or amendment of
9  any provision of this Decree will be effective unless made in writing and signed by
10  an authorized representative of each of the parties.

11    B. If one or more provisions of the Decree are rendered unlawful or
12  unenforceable, the parties shall make good faith efforts to agree upon appropriate
13  amendments to this Decree in order to effectuate the purposes of the Decree.  In any
14  event, the remaining provisions will remain in full force and effect unless the
15  purposes of the Decree cannot, despite the parties' best efforts, be achieved.

16  **VII.**

17  **COMPLIANCE AND DISPUTE RESOLUTION**

18    A. The parties expressly agree that if the Commission has reason to believe
19  that Nellis Cab has failed to comply with any provision of this Consent Decree, the
20  Commission may file a motion before this Court to enforce the Decree.  Prior to
21  initiating such action, the Commission will notify Nellis Cab or its legal counsel of
22  record, in writing, of the nature of the dispute.  This notice shall specify the
23  particular provision(s) that the Commission believes has/have been breached.
24  Absent a showing by either party that the delay will cause irreparable harm, Nellis
25  Cab  shall have thirty (30) days to attempt to resolve or cure the breach.

26    B. The parties agree to cooperate with each other and use their best efforts
27  to resolve any dispute referenced in the EEOC notice.

28    C. After thirty days have passed with no resolution or agreement to extend

1  the time further, the Commission may petition this Court for resolution of the

2  dispute, seeking all available relief, including an extension of the term of the Decree

3  for such period of time as Nellis Cab is shown to be in breach of the Decree,

4  attorneys fees, costs, and other relief the Court deems appropriate.

5  **VIII.**

6  **MONETARY RELIEF**

7  Nellis Cab, in settlement of this dispute, shall pay $50,000 in full resolution

8  of this case. The EEOC shall have the sole discretion on the monetary distribution

9  of the money to the Charging Party and the identified claimants.

10  A.  **Compensatory Damages**

11  Nellis Cab shall also pay a total of $ 50,000.00 as compensatory damages to

12  Charging Party and the identified claimants. Within ten business days after the

13  Effective Date, Nellis Cab shall mail, via certified mail, checks payable to the

14  Charging Party and claimants, to be apportioned as notified by the Commission.

15  B.  As the parties agree that the $50,000.00 total payment represents

16  damages for compensatory damages under Title VII, Nellis Cab is not required to

17  make any employer contributions, except that it must issue 1099 forms or the

18  equivalent as required by law for the payment made to each claimant.

19  C.  A copy of the checks and accompanying transmittal papers shall be

20  contemporaneously forwarded to the EEOC c/o Anna Park Regional Attorney 255

21  East Temple Street 4th Floor in Los Angeles, CA 90012.

22  **IX.**

23  **GENERAL INJUNCTIVE RELIEF**

24  **A.**  Non-Discrimination

25  1.  Nellis Cab shall be enjoined at any of its locations from engaging in

26  national origin discrimination with regard to recruiting, interviewing, selecting, and

27  hiring individuals to fill taxi-driver positions.

28  Nellis Cab, its officers, agents, management (including all supervisory

employees), successors, assigns, and all those in active concert or participation with them, or any of them, shall also be enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Nellis Cab, or either of them, because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Nellis Cab), proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought and/or received any relief in accordance with this Decree.

**B.**   **Posting**

Within ten business days after the Effective Date and throughout the term of this Decree, Nellis Cab shall post notice (attached as Exhibit "A") of the terms of this Decree at its location covered by this Decree.

**C.**   **Equal Employment Opportunity Consultant**

1.   Within thirty days after the Effective Date, Nellis Cab shall retain an Equal Employment Opportunity Consultant ("Monitor") with demonstrated experience in the area of employment discrimination and recruitment/hiring issues, to implement and monito r Nellis Cab's compliance with Title VII and the provisions of this Decree. The Monitor shall be subject to the EEOC's approval, which shall not be unreasonably withheld. If the EEOC does not approve Nellis Cab's proposed Monitor, the EEOC shall provide Nellis Cab with a list of at least three suggested candidates acceptable to the EEOC. Nellis Cab shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her/its duties. The Monitor's

responsibilities shall include:

    a.    developing procedures in recruiting, screening, interviewing, selecting, rejecting and hiring individuals without regard to national origin in compliance with Title VII;

    b.    creating, applying, and implementing its new objective hiring criteria and reporting/auditing procedures to carry out Nellis Cab's obligations under this Decree;

    c.    training managerial/supervisory staff of their responsibilities with respect to recruiting and hiring under Title VII;

    d.    ensuring that all reports required by this Decree are accurately compiled and timely submitted; and

    e.    ensuring compliance with the terms of this Decree.

**D.    Revision of Policies Concerning  Recruitment/Hiring**

1.  With the assistance of the Monitor, Nellis Cab shall revise its written policies and procedures on discrimination, retaliation, recruitment and hiring. A copy shall be sent to the EEOC within sixty days after the Effective Date. The revised policies and procedures shall include:

    a.    A clear objective hiring and selection criteria which expressly prohibits hiring decisions on the basis of race, color, national origin, sex, age, disability, creed/religion, or any other protected category;

    b.    A written employee referral policy that does not discriminate on the basis of national origin or any other protected category; and

    c.    Procedures for the reporting/auditing requirements as described in Section X of this Decree.

2. The revised policies and procedures shall immediately be distributed to all of Nellis Cab's employees, including  management and/or supervisory staff, and shall be included in any relevant policy or employee manuals distributed to employees by Nellis Cab.

3.   Nellis Cab shall collect acknowledgments from each employee who receives the revised policy.  During the term of this Decree, Nellis Cab shall provide the EEOC with written notice in the event that it revises its non-discriminatory hiring and recruiting criteria within ten days after implementation of any such revision by Nellis Cab.

4.   Throughout the term of this Decree, Nellis Cab shall also post the revised policy in a place that is conspicuous and accessible to all employees at each of its locations covered by this Decree in a legible font that is a minimum of 15 points in size.

**E.   Recruiting and Hiring**

    1.   Nellis Cab shall endeavor to increase diversity in the workforce.  In pursuing this endeavor, Nellis Cab shall engage in the following activities:

        a.   Implement a hiring procedure that does not rely solely on word-of-mouth for publicizing openings that includes a systematic, predetermined hiring procedure that is disclosed to all applicants to ensure that applicants are evaluated based upon their qualifications and interest in the open positions and not on national origin;

        b.   Provide written advertisements of all cab driver job openings;

        c.   Commit to equal employment opportunity regardless of national origin to each applicant who applies for a position with Nellis Cab; and

        d.   Any other procedures recommended by the EEO Monitor.

**F.   Training**

Within sixty days after the Effective Date or thirty days after hiring the Monitor, whichever is later, all of Nellis Cab's managerial/supervisory employees shall be required to attend a training program of at least four hours with regard to

e

compliance under Title VII.   The training shall be mandatory.

1.    All employees' training shall include coverage of the subjects of equal employment opportunity rights and responsibilities, including but not limited to Title VII's prohibitions against discrimination on the basis of national origin and reaffirms Nellis Cab's commitment to non-discriminatory hiring in the Las Vegas Metropolitan Area. The training shall also include proper hiring, recruiting, screening practices to comply with Title VII. Further, any employee whose job duties include investigating or monitoring hiring practices shall have training on proper hiring, recruiting and screen practices specifically.

2.    For the remainder of the term of this Decree, all new managerial employees and all employees recently promoted from a staff/hourly to a managerial position shall receive the managerial employee training, as appropriate, within thirty days of hire or promotion.

3.    After the initial training as specified above, all managerial employees shall receive training annually thereafter for the remainder of the term of this Decree.

4.    Within forty-five days after the Effective Date or thirty days after hiring the Monitor, whichever is later, Nellis Cab shall submit to the EEOC a description of the training to be provided and an outline of the curriculum developed for the trainees.  Nellis Cab shall give the EEOC a minimum of ten business days' advance written notice to the EEOC of the date, time and location of each training program provided and agrees that a EEOC representative may attend any such training program.

///
///
///
///

**X.**

**RECORD KEEPING AND REPORTING**

**A. Record-Keeping**

1. Nellis Cab shall submit annual EEO-1 reports pursuant to applicable law, and shall maintain supporting documentation. Nellis Cab shall maintain employment applications and resumes as required by applicable law and under the terms of this Decree, which ever is longer.

2.     As used herein, records and documents shall mean and include all correspondence, computer records, memoranda, reports, notes, lists, letters, applications, resumes, advertisements and  brochures that pertain to and are used by Nellis Cab to recruit, interview, screen, select, and to hire individuals to fill various driver positions for the term of this Consent Decree.

**B.     Reporting**

1.     Nellis Cab shall work with the Monitor to establish an auditing procedure that provides for the monitoring of job applicant flow for the position of taxi-driver.

2.     Within sixty days of the Effective Date, Nellis Cab shall conduct an annual audit of the previous 12 month period (the "Audit Period") and submit a written report (the "Audit Report") to the EEOC.  The Audit Report shall:

    a.     Identify the newly hired taxi-drivers by national origin, if known, and date of hire by use of a form as set forth in Section X (B)(4);

    b.     Identify the applicants who applied for the taxi-driver position by use of a form as set forth in Section X (B)(4);

    c.     Identify the applicants who were interviewed for taxi-driver position;

    d.     Identify the applicants who were offered taxi-driver positions

-10-

1 | but declined the employment offer;

2 |     e.     List the number of positions available for each hiring done by
3 |            Nellis Cab;

4 |     f.     Give the reason  for not hiring a individual of Ethiopian descent,
5 |            if the individual's Ethiopian descent is known, if any such person
6 |            was not hired during the term of the Decree;

7 |     g.     Confirm that the Notice is  posted during the Audit Period; and
8 |     h.     Give a synopsis of the recruitment efforts by Nellis Cab.

9     3.     Nellis Cab will request voluntary disclosure of national origin data
10 from applicants for taxi-driver positions for the limited purpose of assembling data
11 and submitting the Audit Report to the EEOC as provided herein.  The parties agree
12 that Nellis Cab's submission of incomplete data to the EEOC in any Audit Report,
13 due to withholding of such data by any applicant for taxi-driver positions, shall not
14 constitute a violation of this Decree.

15     4.     Nellis Cab shall maintain the underlying documents, including all
16 notes applications, recruitment, and any other documents utilized for the Audit
17 Reports. The EEOC shall have the right to inspect any underlying documents and
18 shall give thirty (30) days notice prior to inspecting the underlying documents.

19     5.     In addition to the Audit Report to the EEOC specified above, Nellis
20 Cab shall provide, within ninety days after the Effective Date, to the EEOC an initial
21 report which contains:

22 |     (a)     A copy of the revised objective hiring criterial and
23 |            discrimination policy;

24 |     (b)     A summary of the procedures and auditing methods developed
25 |            with the Monitor for monitoring applicant flow;

26 |     (c)     A statement confirming that the required notices pertaining to
27 |            this Decree and the revised discrimination and objective hiring
28 |            criteria have been posted;       and

1           (d)    A statement that the training requirements were met as set forth

2               in the Decree;

3      6.    Nellis Cab  shall provide a report  to the EEOC detailing any changes

4 to the objective hiring criteria policies, procedures, and auditing methods for

5 monitoring applicant flow within thirty days before implementing such changes.

6 **XI.**

7 **COSTS OF ADMINISTRATION AND IMPLEMENTATION**

8 **OF CONSENT DECREE**

9      Nellis Cab shall bear all costs associated with its administration and

10 implementation of its obligations under this Consent Decree.

11 **XII.**

12 **COSTS AND ATTORNEYS' FEES**

13      Each party shall bear its own costs of suit and attorneys' fees.  The parties

14 further agree that pursuant to Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k),

15 there is no "prevailing party" in this action or proceeding.

16

17 **XIII.**

18 **MISCELLANEOUS PROVISIONS**

19      A.    During the term of this Consent Decree, Nellis Cab shall provide any

20 potential successor-in-interest with a copy of this Decree within a reasonable time

21 of not less than thirty days prior to the execution of any agreement for acquisition

22 or assumption of control of any or all of Nellis Cab's operations, or any other

23 material change in corporate structure, and shall simultaneously inform the EEOC

24 of same.

25      B.    During the term of this Decree, Nellis Cab and its  successors shall

26 assure that each of its officers, managers and supervisors is aware of any term in this

27 Decree which is related to his/her job duties.

28      C.    The parties agree to entry of this Decree and judgment subject to final

-12-

1  approval by the Court.

2
3                                          EQUAL EMPLOYMENT
                                           OPPORTUNITY COMMISSION
4                                          Anna Y. Park
                                           Peter F. Laura
5
6  Date: _____          By: _____
                                           Anna Y. Park
7                                          Attorneys for Plaintiff

8
9
10                                         LITTLER MENDELSON
                                           Patrick H. Hicks
11                                         Jeffrey S. Judd

12
13  Date: Dec 11, 2006               By: _____
14                                         Attorneys for Defendant

15
16                          **[PROPOSED] ORDER**
17
        The provisions of the foregoing Consent Decree are hereby approved and
18
    compliance with all provisions thereof is **HEREBY ORDERED.**
19
    IT IS SO ORDERED.
20
21  Date: DECEMBER 12, 2006          _____
                                           The Honorable          DAWSON
22                                         United States District Judge

23
24
25
26
27
28

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

EXHIBIT   "A"

## NOTICE TO ALL EMPLOYEES

_____This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. Sun Cab Company, Inc. d/b/a Nellis Cab Company, Case No. CV S 03-1230 KJD GWF (D. Nev.), settling a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC").

In its suit, the EEOC alleged that Nellis Cab Company failed to hire a class of applicants of Ethiopian national origin because of their national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  Nellis Cab Company denies the allegations.

To resolve this lawsuit the parties have entered into a Consent Decree which requires Nellis Cab Company to:

    1)    provide monetary relief to the class of applicants of Ethiopian national origin;

    2)    not permit national origin discrimination in the future;

    3)    provide periodic reports to the EEOC of its hiring practices and any complaints of national origin discrimination; and

    4)    provide training to its management/supervisory employees at Nellis Cab Company located in Las Vegas, Nevada regarding discrimination.

The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, pregnancy, and age.  If you believe you have been discriminated against, you may contact the EEOC at 333 Las Vegas Boulevard South, Suite 8112, Las Vegas, NV. (702) 388-5099.  The EEOC charges no fees and has employees who speak languages other than English.

No action may be taken against you by any management official of Nellis Cab Company for: (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation brought under Title VII.  Should any such retaliatory actions be taken against you, you should contact the EEOC at the address listed above.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for three( 3) years from the date below and must not be altered, defaced or covered by any other material.**

**Date:** DECEMBER 12, 2006 _____

KENT J. DAWSON _____
**U.S. District Judge**

1